UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

_____
                                    )
RONALD JAMES BARBIERI,              )
                                    )
           Plaintiff,               )
                                    )
      v.                            )  Civil Action No. 10-234 (RBW)
                                    )
AURORA LOAN SERVICES, LLC, et al.   )
                                    )
           Defendant.               )
_____ )

## ORDER

The plaintiff, Ronald James Barbieri, proceeding pro se, brings this action against the defendants, the Superior Court of the State of California, County of Sonoma ("Superior Court"), Aurora Loan Services, LLC ("Aurora Loan"), and Aurora Bank, FSB ("Aurora Bank"), requesting (1) quiet title to his property in Santa Rosa, California; (2) a cease and desist order for any past, future, and current claims to this property; and (3) redress for the violation of his constitutional due process rights under the Fifth, Seventh, and Fourteenth Amendments.[1] See Verified Complaint for Quiet Title and an Order of Cease and Desist ("Compl.") ¶¶ 2, 5.  Currently before the Court are two motions to dismiss, one brought by the Superior Court, and the other brought by Aurora Loan and Aurora Bank.  See Defendant's Motion to Dismiss Special Appearance Only for the Purpose of Contesting This Court's Jurisdiction ("Superior Court Mot."); Defendant Aurora Loan Services LLC's Special Appearance and [D]efendants' Motion to Dismiss

---

[1] The plaintiff's complaint is strikingly similar factually and structurally to two other complaints filed in this Court against Aurora Loan Services, LLC and Aurora Bank, FSB, two of the same defendants named in this action.  See Borgonia v. Aurora Loan Servs., LLC, Civil Action No. 09-2004 (EGS) (D.D.C. June 4, 2010); Frost v. Aurora Loan Servicing, LLC, Civil Action No. 09-1701 (RMU) (D.D.C. May 11, 2010).  In those cases, two other members of this Court determined that this Court was not the proper venue for the litigation of the plaintiffs' claims.  This Court agrees with its two colleagues.

1

Complaint, or, in the Alternative, Motion to Change Venue ("Aurora Loan & Aurora Bank Mot.").[2]

The Superior Court argues for dismissal on lack of personal jurisdiction grounds under Federal Rule of Civil Procedure 12(b)(2), improper venue pursuant to Federal Rule 12(b)(3), and failure to state a claim upon which relief may be granted under 12(b)(6). See Superior Court Mot. at 1.  Aurora Loan and Aurora Bank, in their motion, also argue for dismissal on the grounds that the Court lacks personal jurisdiction under Rule 12(b)(2) and the plaintiff's failure to state a claim upon which relief may be granted pursuant to Rule 12(b)(6), in addition to the claims against them being barred by the doctrine of res judicata.  See generally Aurora Loan & Aurora Bank Mot.; Aurora Loan & Aurora Bank Mem.  In the alternative, Aurora Bank and Aurora Loan request that this Court transfer the claim against them on venue grounds to the United States District Court for the Northern District of California.  Aurora Loan & Aurora Bank Mem. at 7.  The plaintiff opposes both motions arguing that venue is proper in this Court and that the Court has the requisite jurisdiction pursuant to "Article [III], [§] 2 of the [United States] Constitution" to entertain his claims.  Plaintiff's Opposition to Defendant's Motion to Dismiss Plaintiff's Complaint at 1.  For the reasons that follow, the Court must grant the Superior Court's motion to dismiss and grant in part and deny in part the motion filed by Aurora Loan and Aurora Bank, and transfer this case against the remaining defendants, Aurora Loan and Aurora Bank, to the Northern District of California.

---

[2] In considering these motions, the Court also considered the following documents: Defendant's Memorandum of Points and Authorities in Support of Its Motion to Dismiss ("Superior Court Mem."); Defendants'[]Memorandum in Support of Motion to Dismiss Complaint, or, in the Alternative, Motion to Change Venue ("Aurora Loan & Aurora Bank Mem."); the Plaintiff's Opposition to Defendant's Motion to Dismiss Plaintiff's Complaint; the Opposition to Defendants['] Motion to Change Venue; the Superior Court of California's Reply to Plaintiff's Opposition to Defendant's Motion to Dismiss Plaintiff's Complaint; and the Reply to Plaintiff's Opposition to Defendants' Motion to Change Venue and Supplemental Reply to Plaintiff's Opposition to Motion to Dismiss Complaint.

In the District of Columbia, there are two types of personal jurisdiction that accord a federal court the authority to exercise jurisdiction over a case against a party who is a nonresident, general and specific.  See D.C. Code § 13-334 (1981); D.C. Code § 13-423 (1981).  Pursuant to D.C. Code § 13-334, courts are permitted to "exercise 'general jurisdiction' over a foreign corporation as to claims not arising from the corporation's conduct in the District[] if the corporation is 'doing business' in the District."  FC Inv. Group LC v. IFX Mkt., 529 F.3d 1087, 1091 (D.C. Cir. 2008) (citation omitted).  Under D.C. Code § 13-423(a)(1), specific jurisdiction can be established if the plaintiff can "demonstrate that (1) the defendant transacted business in the District of Columbia; (2) the claim arose from the business transacted in the District; (3) the defendant had minimum contacts with the District; and (4) the Court's exercise of personal jurisdiction would not offend 'traditional notions of fair play and substantial justice.'"  Atlantigas Corp. v. Nisource, Inc., 290 F. Supp. 2d 34, 43 (D.D.C. 2003) (citing Dooley v. United Technologies, 786 F. 3Supp. 65, 71 (D.D.C. 1992)).  Given that the "plaintiff's complaint alleges causes of action based solely on acts occurring or [anticipated] to occur within the state of California" and that the plaintiff has not shown "that the [Superior Court] has engaged in any activity in the District of Columbia," this Court must dismiss the claim against the Superior Court because there is no authority to exercise either general or specific jurisdiction over that defendant.  Superior Court Mem. at 7.[3]  Moreover, even assuming arguendo that the Superior Court has "random, fortuitous, or attenuated" contacts with the District of Columbia, to force the Superior Court to litigate in this District may "offend traditional notions of fair play and

---

[3] The pages of this submission appear inconsistently numbered and so the Court will refer to them in the corresponding order in which they were filed.

substantial justice." Id. at 8.  Therefore, the Superior Court's motion to dismiss this action against it must be granted.

With respect to the motion to dismiss or, in the alternative, to transfer venue of the claims filed against Aurora Bank and Aurora Loan, the Court agrees that the claims against them must be transferred to the Northern District of California because venue is not proper in this Court.  As the Court found in Frost v. Aurora Loan Servicing, LLC, "[b]ecause the plaintiff asserts that the defendants' foreclosure actions constitute due process violations under the Fifth and Fourteenth Amendments, he has articulated a claim under the United States Constitution for the purposes of subject matter jurisdiction." Civil Action No. 09-1701, slip op. at 1-2 (RMU) (D.D.C. May 11, 2010).  However, when jurisdiction in federal court is not based on diversity of citizenship, 28 U.S.C. § 1391 (2006) sets the standard for assessing in which federal district court venue is appropriate.  Under this statute, venue is proper only in "(1) a judicial district where any defendant resides, if all defendants reside in the same State, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of the property that is the subject of the action is situated, or (3) a judicial district in which any defendant may be found, if there is no district in which the action may otherwise be brought."  § 1391(b).  Moreover, "a corporation shall be deemed to reside in any judicial district in which it is subject to personal jurisdiction." § 1391(c).

Here, it is undisputed that Aurora Loan and Aurora Bank, both corporate entities, reside in California, Aurora Bank & Aurora Loan Mem. at 8, the events giving rise to the plaintiff's claims occurred in the Northern District of California, and the property that is the subject of this action is also located in the same District, Compl. ¶ 5; Aurora Loan &

4

Aurora Bank Mem. at 8. Thus, venue is not proper in this District pursuant to either § 1391(b)(1) or § 1391(b)(2). Nor is venue proper in this District under § 1391(b)(3). However, because the acts about which the plaintiff complains occurred in California and the plaintiff's property at issue is located in Santa Rosa, California, id., venue is proper in the Northern District of California. Therefore, the Court finds that it is in the interest of justice to transfer the claims against Aurora Loan and Aurora Bank to the Northern District of California.

Accordingly, it is hereby

**ORDERED** that the Superior Court's motion to dismiss is **GRANTED**. It is further

**ORDERED** that the motion to dismiss or in the alternative to transfer venue filed by Aurora Loan and Aurora Bank is **GRANTED** in part and **DENIED** in part. It is further

**ORDERED** that the claims against Aurora Loan and Aurora Bank are transferred to the Northern District of California and this case is therefore transferred to that District.

**SO ORDERED** this 21st day of July, 2010.

_____/s/_____
REGGIE B. WALTON
United States District Judge